# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOHNNY TACU                                                                                    PETITIONER
ADC #167414

v.                                            5:18cv00121-BRW-JJV

WENDY KELLEY, Director, ADC                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

I.  **BACKGROUND**

Petitioner, Johnny Tacu, pleaded guilty to one count of first-degree murder in the Pulaski County Circuit Court on May 15, 2017. (Doc. No. 6 at 1). The facts to which Mr. Tacu pleaded guilty are simple. On June 17, 2015, Mr. Tacu went to the home of his girlfriend who had previously obtained an order of protection against him. (Doc. No. 6-6 at 10.) A disturbance ensued and a neighbor, Mr. Giovanni Carvahal, attempted to intervene. (*Id.*) In response, Mr. Tacu stabbed Mr. Carvahal in the chest with a kitchen knife, causing his death. (*Id.* at 11.)

As a result, Mr. Tacu was sentenced to thirty years in the Arkansas Department of Correction. (*Id.*) Mr. Tacu did not appeal his conviction. (*Id.*)

On March 12, 2018, Mr. Tacu filed a petition for writ of *error coram nobis* in the Pulaski County Circuit Court alleging three claims: (1) his guilty plea was coerced and not knowingly and voluntarily entered; (2) actual innocence of first-degree murder; and (3) he was denied effective assistance of counsel. (*Id.*) On April 17, 2018, the circuit court denied the petition, finding there was no evidence to support Mr. Tacu's claim that his guilty plea was coerced. (Doc. No. 6-5).

Additionally, the court found his other claims not cognizable in an *error coram nobis* proceeding. (*Id.*)

Significantly, Mr. Tacu sought no further post-conviction relief in state court. However, he now seeks federal habeas relief, alleging the same three claims purported in his petition for writ of *error coram nobis*.

After careful review of Mr. Tacu's Petition, for the following reasons, I find his claims are procedurally defaulted, and his case does not meet the narrow criteria for an exception to procedural default outlined in *Martinez v. Ryan*, 566 U.S. 1 (2012). Therefore, the Petition should be DISMISSED.

## II.   ANALYSIS

### A.   Procedural Default

Respondent argues Mr. Tacu has procedurally defaulted his claims by not first filing a petition for post-conviction relief in the state court. Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849.

If it would be futile for Petitioner to return to the state courts to present his claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

After carefully reviewing the record, I conclude that Mr. Tacu has procedurally defaulted all of his claims. He admits that his only petition for post-conviction relief was the petition for writ of *error coram nobis* (Doc. No. 2 at 7), and no Rule 37 petition or ruling appears in the record now before me.

### B. Actual Innocence

Mr. Tacu says he is actually innocent and, in some cases, a claim of actual innocence may be reviewable by federal courts. But as Respondent correctly asserts, a freestanding claim of actual innocence, like the one Mr. Tacu raises, is simply not cognizable.[1]

The United States Supreme Court made it clear in *McQuiggin v. Perkins*, 569 U.S. 383, 390 (2013), that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, Mr. Tacu must establish (1) new and reliable evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the

---

[1] *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).

time of trial through the exercise of due diligence.  *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012).

In Mr. Tacu's claim of actual innocence, he argues his mental state was not sufficient for his first-degree murder conviction.  (Doc. No. 2 at 8.)  He fails to provide any new and reliable evidence to support his claim of actual innocence.  Rather, as Respondent correctly asserts, Mr. Tacu merely provides arguments of legal insufficiency of the evidence to support his conviction for first-degree murder.  Without new and reliable evidence, Mr. Tacu's Petition fails.

    C.    *Martinez v. Ryan*, 566 U.S. 1 (2012)

I have reviewed Mr. Tacu's claim of ineffective assistance of counsel pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).  *Martinez* established a "cause-and-prejudice" test for the exception to procedural default, but by its very terms, was confined to narrow circumstances.  566 U.S. at 9.  The exceptions are succinct:  "Inadequate assistance of counsel **at initial-review collateral proceedings** may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  (*Id.*) (emphasis added).  The language of the *Martinez* exceptions strongly implies, if not compels, that there must have been a collateral post-conviction proceeding.  That did not happen here.  The first Supreme Court case to deal with the inevitable ripple effects of *Martinez* clarified and emphasized a key qualification to *Martinez*:  "At the same time we qualified our holding. We said that the holding applied where state procedural law said that 'claims of ineffective assistance of trial counsel **must** be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 599 U.S. 413, 416 (2013) (emphasis in original).

The Eighth Circuit Court of Appeals has held that *Martinez* applies to Arkansas collateral review proceedings.  *Sasser v. Hobbs*, 735 F.3d. 833 (8th Cir. 2013).  But *Martinez* and all of its progeny discuss a defective collateral-review process; they do not discuss a non-existent one - a collateral review that did not happen because the convicted person simply failed to file it.

5

Petitioner states he did not have counsel for post-conviction proceedings, and that is, no doubt, true. Arkansas does not provide appointment of counsel in post-conviction proceedings as a matter of right. Ark. R. Cr. P. 37.3 (b); *Flemons v. State*, 2016 Ark. 460. But nothing in the record indicates Mr. Tacu ever requested an attorney be appointed for him. More importantly, nothing indicates he filed or attempted to file a Rule 37 Petition on his own, as he could have done.

Mr. Tacu does not allege, and he offers no facts in support of a supposition that anything the State of Arkansas did or failed to do prevented him from filing a Rule 37 petition. At least one district court has grappled with this problem and come to the conclusion that *Martinez* was unavailing to the petitioner who simply fails to seek any relief:

> The rule in *Martinez* is triggered either where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or where appointed counsel in the initial-review collateral proceeding was ineffective. The Supreme Court was adamant that its holding in *Martinez* created a "limited" and "narrow" exception to the rule established in *Martinez*. 132 S. Ct. at 1315, 1319. Because the Court spoke only of applying its exception to an "initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]" we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. *Id.* at 1318. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.

*Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-247 (3d Cir. 2012).

I find this reasoning to be persuasive. *Martinez* should not be read to allow a convicted person to simply bypass state procedures and to use the federal courts as the first stop in post-conviction review. Accordingly, I find Mr. Tacu's Petition for Writ of Habeas Corpus should be DISMISSED.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally

barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, all of Mr. Tacu's claims are clearly procedurally defaulted. His claims have never been raised on direct appeal and he has provided no evidence of cause and prejudice for the default. *Martinez* is unhelpful to Mr. Tacu inasmuch as he simply failed to file a post-conviction petition in state court, and he asserts no legally significant reason for his failure to do so. Therefore, no certificate of appealability should be issued.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Tacu's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

2. A certificate of appealability should not be issued.

DATED this 29th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE